IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE OF WV 2017-1 GRANTOR TRUST, § § § § | |
| Plaintiff, § § | |
| § | Civil Action No. 1:23-cv-00059 |
| v. § § | |
| MIGUEL ANGEL DAVILA AND MARIA CONCEPCION DAVILA, § § § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wilmington Savings Fund Society, FSB as Trustee of WV 2017-1 Grantor Trust ("Wilmington" or "Plaintiff") files this *Original Complaint* against Defendants Miguel Angel Davila and Maria Concepcion Davila ("Defendants"), and states as follows:

### I.   PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Defendant Miguel Angel Davila is an obligor and mortgagor under the subject loan agreement and may be served with process at 1120 Calle Terrestre, Brownsville, Texas 78250, or such other place where he may be found.  Summons is requested.

3. Defendant Maria Concepcion Davila is an obligor and mortgagor under the subject loan agreement and may be served with process at 1120 Calle Terrestre, Brownsville, Texas 78250, or such other place where she may be found. Summons is requested.

## II.     PROPERTY

4.     This proceeding concerns the following real property and improvements commonly known as 1120 Calle Terrestre, Brownsville, Texas 78250, more particularly described as:

LOT THREE (3), BLOCK D, COLONIA GALAXIA SUBDIVISIOIN IN CAMERON, COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET 1, PAGES 443-A, 443-B, 444-A, MAP RECORDS OF CAMERON COUNTY, TEXAS.  (The "Property").

## III.     DIVERSITY JURISDICTION AND VENUE

5.     This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6.     Plaintiff is the trustee for a securitized trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington Savings Fund Society, FSB ("Wilmington") is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." *See* 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

7.     Defendants are individuals and citizens of the state of Texas.

8.     In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its

owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. The Cameron County Appraisal District values the Property at $113,030.00. Therefore, the value of the Property exceeds $75,000.00.

11. Venue is proper in the Southern District of Texas, Brownsville Division, because this suit concerns title to real property located in Cameron County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

### IV.  FACTS

12. On or about July 6, 2007, Defendants Miguel Angel Davila and Maria Concepcion Davila ("Borrowers") executed that certain *Disclosure Statement, Note, and Security Instrument*

(the "Note") originally payable to CitiFinancial Inc. in the maximum principal amount of $28,463.71 bearing interest at the rate of 12.25% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A**.

13. Concurrently with the Note, Borrowers executed that certain *Deed of Trust Secured by Homestead* (the "Deed of Trust" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in the Property. The Deed of Trust was recorded in the Official Public Records of Cameron County, Texas under Instrument No. 00037798. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

14. CFNA Receivables (TX), Inc. f/k/a CitiFinancial Inc., a Texas Corporation transferred and assigned the Loan Agreement to CitiFinancial Servicing, LLC, a Delaware Limited Liability Company. The *Corporate Assignment of Deed of Trust* ("First Assignment") was recorded in the Official Public Records of Cameron County, Texas under Instrument No. 9852. A true and correct copy of the First Assignment is attached hereto as **Exhibit C**.

15. CitiFinancial Servicing, LLC, a Delaware Limited Liability Company. then transferred and assigned the Loan Agreement to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A. The *Corporate Assignment of Deed of Trust* ("Second Assignment") was recorded in the Official Public Records of Cameron County, Texas under Document Number 00047057. A true and correct copy of the Second Assignment is attached hereto as **Exhibit D**.

16. Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A transferred and assigned the Loan Agreement to Plaintiff. The *Assignment of Deed of Trust* ("Third Assignment") was recorded in the Official Public Records of Cameron County, Texas

under Document Number 2021-22118. A true and correct copy of the Third Assignment is attached hereto as **Exhibit E**.

17. Under the terms of the Loan Agreement, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, with the unpaid balance of the Note due and payable on July 15, 2019, if not paid in full before the maturity date.

18. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan.

19. The Loan matured by its terms on July 15, 2019, and remains in default. See Exhibit B ¶ 4.

20. Plaintiff is the current legal owner and holder of the Note. Plaintiff is also the beneficiary of the Security Instrument and a mortgagee as that term is defined in Section 51.002 of the Texas Property Code.

### V.   CAUSE OF ACTION: DECLARATORY JUDGMENT

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. As the current mortgagee of record who has the right to enforce the Note and Deed of Trust, Plaintiff asserts a cause of action for non-judicial foreclosure against defendants. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Defendants, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms. Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

## VII. CAUSE OF ACTION: JUDICIAL FORECLOSURE

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. In the alternative, for failure to cure the default of the Loan, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

27. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Cameron County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan debt.

## VIII. ATTORNEYS FEES

28. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## IX.     CONDITIONS PRECEDENT

29.     The foregoing paragraphs are incorporated by reference for all purposes.

30.     All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission #21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Of Counsel
Texas Bar No. 24093448
Southern District Admission # 3121681
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**