**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **WILMINGTON SAVINGS FUND** | § | |
| **SOCIETY, FSB AS TRUSTEE OF WV** | § | |
| **2017-1 GRANTOR TRUST,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil Action No. 1:23-cv-00059** |
| **v.** | § | |
| | § | |
| **MIGUEL ANGEL DAVILA AND** | § | |
| **MARIA CONCEPCION DAVILA,** | § | |
| | § | |
| **Defendants.** | § | |

**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**
**AND BRIEF IN SUPPORT**

Plaintiff Wilmington Savings Fund Society, FSB as Trustee of WV 2017-1 Grantor Trust ("Wilmington" or "Plaintiff"), files this, its *Motion for Default Judgment against Defendants and Brief in Support thereof*, and respectfully shows as follows:

**I.    BACKGROUND**

1.    Plaintiff is Wilmington. Defendants are Miguel Angel Davila and Maria Concepcion Davila. ("Defendants").

2.    Plaintiff filed its Original Complaint against Defendants Miguel Angel Davila and Maria Concepcion Davila ("Defendants") on April 20, 2023 [ECF Docket No. 1].

3.    Defendant Miguel Angel Davila was served via personal service on May 12, 2023, by delivering a copy of the Summons, Plaintiff's Original Complaint, and Order for Conference to him at 1120 Calle Terrrestre, Brownsville, Texas 78250. [ECF Docket No. 7].  His answer or other response to the Original Complaint was due on June 2, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

4.      Defendant Maria Concepcion Davila was served via personal service on May 12, 2023, by delivering a copy of the Summons, Plaintiff's Original Complaint, and Order for Conference to her at 1120 Calle Terrrestre, Brownsville, Texas 78250. [ECF Docket No. 7].  Her answer or other response to the Original Complaint was due on June 2, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

5.      Defendants have not answered or otherwise appeared in this action.

6.      Concurrent with this Motion, Plaintiff has requested that the Clerk of this Court enter default against Defendants because they did not file a responsive pleading within 21 days after service of the Original Complaint. See FED. R. CIV. P. 12(a)(1)(A)(i). Defendants have not otherwise attempted to defend themselves against the Original Complaint. See FED. R. CIV. P. 55.

7.      Defendants are not on active-duty military status. *See* Exhibit A-1.

8.      Accordingly, Plaintiff now asks the Court to render default judgment against Defendants.

## II.    <u>LEGAL STANDARD</u>

9.      Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See* N.Y. *Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr*., 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073 (1973).

### III. ARGUMENT AND AUTHORITIES

10.    The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against them. Such default constitutes an admission by Defendants on all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendants have admitted the well-pleaded factual allegations therein and is "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

11.    With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

12.    Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff, as the owner and holder of the Note, and beneficiary of the Security Instrument, has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 1120 Calle Terrestre, Brownsville, Texas 78250, more particularly described as:

LOT THREE (3), BLOCK D, COLONIA GALAXIA SUBDIVISIOIN IN CAMERON, COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET 1, PAGES 443-A, 443-B, 444-A, MAP RECORDS OF CAMERON COUNTY, TEXAS. (The "Property").

Therefore, no hearing is necessary to establish the amount of Plaintiff's damages.

13.     In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

14.     The Complaint alleges that on or about July 6, 2007, Defendants Miguel Angel Davila and Maria Concepcion Davila ("Borrowers") executed that certain *Disclosure Statement, Note and Security Agreement* in the principal amount of $28,463.71 ("Note"), originally payable to CitiFinancial, Inc. ("Citi") as lender on a loan secured by the Property. [*See* ECF Docket No. 1 at ¶ 12]. Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust Secured by Homestead* (the "Deed of Trust" and together with the Note, "Loan Agreement"), as grantor, granting Citi, its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of Cameron County, Texas, as Document No. 00037798 [*See* ECF Docket No. 1 at ¶ 13]. Plaintiff further alleges that it is the current holder of the Note, the mortgagee of the Deed of Trust, and it has standing to enforce the terms of the Deed of Trust. [*See* ECF Docket No. 1 at ¶ 20].

15.     Under the terms of the Loan Agreement, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, with the unpaid balance of the Note

due and payable on July 15, 2019, if not paid in full before the maturity date. [*See* ECF Docket No. 1 at ¶ 17].

16.     The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan. [*See* ECF Docket No. 1 at ¶ 18].

17.     The Loan matured by its terms on July 15, 2019, and remains in default. [*See* ECF Docket No. 1 at ¶ 19, Exhibit B ¶ 4.

18.     Plaintiff requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapter 38 and pursuant to the terms of the loan documents executed by Borrower. Plaintiff is entitled to attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by Borrowers under the subject Note and Deed of Trust.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants Miguel Angel Davila and Maria Concepcion Davila on all claims against them in Plaintiff's Original Complaint, and award the following relief:

1.     Judgment against Defendants declaring that the following are secured by Plaintiff's Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees in an amount to be

determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i).

2.      Judgment against Defendants declaring that Plaintiff may foreclose on the Property pursuant to the Security Instrument and Texas Property Code section 51.002; and

Any other relief to which the Court deems Plaintiff is entitled.

                            Respectfully submitted,

                    By:  /s/ Nicholas M. Frame
                        **MARK D. CRONENWETT**
                        Attorney in Charge
                        Texas Bar No. 00787303
                        Southern District Admission #21340
                        mcronenwett@mwzmlaw.com

                        **NICHOLAS M. FRAME**
                        Of Counsel
                        State Bar No. 24093448
                        Southern District Admission #3121681
                        nframe@mwzmlaw.com

                    **MACKIE WOLF ZIENTZ & MANN, P.C.**
                    14160 N. Dallas Parkway, Suite 900
                    Dallas, Texas 75254
                    Phone: (214) 635-2650
                    Facsimile: (214) 635-2686

                    **ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 21, 2023, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**<u>Via CMRRR #    9314 7699 0430 0110 1877 11</u>**
**<u>and U.S. Mail:</u>**
Miguel Angel Davila
1102 Calle Terrestre
Brownsville, Texas 78250

**<u>Via CMRRR #   9314 7699 0430 0110 1880 15</u>**
**<u>and U.S. Mail:</u>**
Maria Concepcion Davila
1102 Calle Terrestre
Brownsville, Texas 78250

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**